IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                Plaintiff,                      OPINION AND ORDER

    v.

                                                22-cv-661-wmc

GRANT COUNTY SHERIFF DEPARTMENT,
UNKNOWN JANE AND JOHN DOE,
RACHEL BACHUBER, JOHN AND JANE DOE
and BOSCOBEL POLICE DEPARTMENT,

                Defendants.

---

    *Pro se* plaintiff and state prisoner Joshua Braithwaite is proceeding in another lawsuit with claims that several employees at the Wisconsin Secure Program Facility violated his constitutional rights by denying him adequate mental health treatment and failing to protect him from harming himself.  (*Braithwaite v. Mutiva, et al.*, 21-cv-425-wmc.)  In this related case, Braithwaite contends that law enforcement from the Grant County Sheriff Department and Boscobel Police Department, as well as Assistant Attorney General Rachel Bachuber, were aware of his mistreatment at WSPF, but failed to investigate or intervene to protect him.  The complaint is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A.

    When screening a *pro se* litigant's complaint, the court construes the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, Braithwaite must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 557 (2007). Here, Braithwaite's allegations do not state a constitutional claim for relief, so his complaint will be dismissed.

OPINION

Plaintiff alleges that he has been transported several times from WSPF to a hospital in Boscobel for treatment after seriously harming himself, and further that police officers from the Grant County Sheriff Department and Boscobel Police Department have been present at the hospital on at least one occasion. According to plaintiff, these law enforcement officers heard from hospital medical staff that plaintiff needed better monitoring and medical care at the prison, but failed to convey that information to WSPF staff. Plaintiff also asserts that his mother and brother contacted these same police departments to express their own concerns about plaintiff's treatment and safety at WSPF, yet no law enforcement officer has interviewed him or otherwise investigated. Finally, plaintiff alleges that he specifically told defendant Rachel Bachuber that WSPF staff was harassing him, trying to kill him, or encouraging him to kill himself, after which Bachuber assured him that she would investigate, but never did. Accordingly, plaintiff claims that all defendants were obligated to investigate and prosecute staff at WSPF who were failing to provide him adequate mental health care and protection.

These allegations do not state a constitutional claim against any of the named defendants. In particular, plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (mere inactivity by police does not give rise to

a constitutional claim); *Whitlock v. Brueggemann*, 682 F.3d 567, 589 (7th Cir. 2012) ("There is no affirmative duty on police to investigate."). Nor does the constitution require police to charge or prosecute individuals. *Vance v. Rumsfeld*, 701 F.3d 193 (7th Cir. 2012) ("Plaintiffs think that they should have done more, but no one can demand that someone else be prosecuted.").

Rather, the law enforcement and assistant attorney general defendants could be liable for a constitutional violation under 42 U.S.C. § 1983 only if they were personally involved in violating plaintiff's constitutional rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). However, plaintiff has not alleged that *any* of the named defendants were responsible for providing him mental health treatment at the prison or making decisions about his placement at the prison, or even for supervising someone who made these decisions; nor does he allege that any of the defendants personally mistreated him, harassed him, or otherwise engaged in actions that violated his constitutional rights. Thus, plaintiff's complaint fails to state a constitutional claim.

Generally, district courts give *pro se* litigants at least one chance to file an amended complaint before dismissing a case with prejudice. *Zimmerman v. Bornick*, 25 F.4th 491, 492 (7th Cir. 2022). However, the court may enter immediate final judgment where an amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015). Here, plaintiff's complaint is based entirely on a flawed legal theory, as he is trying to hold local law enforcement and the attorney general's office responsible for alleged mistreatment received at a state prison. Thus, he has sued the wrong defendants, and no additional allegations could fix this fundamental

problem. As importantly, plaintiff is *already* proceeding against several dozen WSPF employees in another case for their alleged failure to protect him from harming himself and failure to provide him adequate medical care, so there is no reason to afford an amendment to his complaint in this case to add defendants. (*Braithwaite v. Mutiva, et al.*, 21-cv-425-wmc.) Moreover, Braithwaite has also filed two, additional cases against dozens of WSPF staff members relating to his medical care and treatment at the prison. (*Braithwaite v. Gross, et al.*, 22-cv-625-wmc; *Braithwaite v. Schwenn, et al.*, 22-cv-643-wmc.) Rather than pursuing a futile case against individuals not personally involved in violating his rights, Braithwaite should focus on his remaining cases, in which he is at least alleging claims against the WSPF staff actually responsible for his protection and care, whether meritorious or not. For these reasons, the court will dismiss this case with prejudice for failure to state a claim upon which relief may be granted.

Under 28 U.S.C. § 1915(g), a prisoner may not bring an action or appeal a judgment without prepaying the filing fee if on three or more occasions an action or appeal filed by that prisoner "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Courts refer to these dismissals as "strikes." The court is dismissing this case for failure to state a claim, so the clerk of court will record a "strike" under § 1915(g). If plaintiff receives three "strikes," he will not be able to proceed *in forma pauperis* in future cases unless he is imminent danger of serious physical injury.

ORDER

IT IS ORDERED that:

1) Plaintiff Joshua Braithwaite's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2) The clerk of court is directed to enter judgment and close this case.

3) The clerk of court shall record a "strike" under 28 U.S.C. § 1915(g).

Entered this 30th day of October, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge